UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE D. HOSLER,<br><br>                                      Plaintiff,<br>-against-<br><br>ANATOLIY N. SULIMA and BOSTON TRANSPORTATION INC.,<br><br>                                      Defendants. | Index No.: 101731/08<br><br>**VERIFIED ANSWER** |

Defendants, **ANATOLIY N. SULIMA and BOSTON TRANSPORTATION INC.**, by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Verified Answer to the Verified Complaint served on behalf of the plaintiff herein, upon information and belief, respectfully respond as follows:

1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "1", "4" and "7" of plaintiff's Verified Complaint.

2.    Defendants deny each and every allegation contained within paragraphs "9", "10", "11", "12", "13" and "14" of plaintiff's Verified Complaint.

3.    Defendants admit the allegations contained within paragraphs "2", "3", "5", "6", and "8" of the plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.    Upon information and belief that whatever damages the plaintiff, **WAYNE D. HOSLER**, may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said

1990843.1

culpable conduct, attributable to plaintiffs bear to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. That the Complaint, herein or a part thereof, fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. Upon information and belief that the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom defendants neither had nor exercised control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. In the event plaintiffs recover a verdict or judgment against the defendants, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed replace or indemnify plaintiffs, in whole or in part, for any past or future claimed compensation or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

1990843.1

9.  While the defendants deny the plaintiffs' allegations of negligence, liability, statutory liability, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties over which the defendant neither have control nor have the right to control, and for which acts or omissions the defendants are not legally responsible.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.  Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

11.  The injuries and damages allegedly suffered by the plaintiffs, if any (which injuries and damages are specifically denied by the defendants), were the result of culpable conduct or fault of third persons for whose conduct the defendants are not legally responsible, and the damages recovered by the plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of the defendants (which liability is denied) if found to be fifty percent or less of the total liability of all persons who are the cause of the alleged injuries, if any, then the liability of the defendant for non-economic loss shall not exceed the defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR Sections 1601 through 1603.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

1990843.1

12. Plaintiffs have not sustained a serious injury pursuant to § 5102 of the New York State Insurance Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13. The plaintiffs failed to seek prompt, adequate and proper medical care.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

14. That occurrence alleged herein was spontaneous and unavoidable and could not have been caused by the answering defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15. Upon information and belief, that the plaintiffs' injuries, if any, were increased or caused by plaintiffs' failure to use and wear seat belts at the time of the occurrence and, under the applicable laws, plaintiff may not recover for those injuries which she/he would not otherwise have sustained. Plaintiff failed to avoid or mitigate the damages due to the failure to wear a seatbelt, and is otherwise culpable for failure to wear a seatbelt under the rule of Spier v. Barker.

**WHEREFORE**, defendants, **ANATOLIY N. SULIMA** and **BOSTON TRANSPORTATION INC.**, by and through their attorneys, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,** respectfully demand judgment dismissing the Verified Complaint, herein.

Dated:   White Plains, New York
         May 27, 2008

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
John A. Hsu

4

1990843.1

                                              Attorneys for Defendants
                                              **Luna Cab Corp. and**
                                              **John F. Osorio**
                                              3 Gannet Drive
                                              White Plains, New York 10604
                                              (914) 323-7000
                                              File No. 01502.00026

TO:    Grogan & Souto, PC
         Court Plaza, P.O. Box 330
         Goshen, New York 10924
         (845) 294-6155

1990843.1

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WHITE PLAINS     )

**JOHN A. HSU,** being an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms as follows:

Affirmant is associated with the law firm of **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP,** attorneys for defendant **ANATOLIY N. SULIMA and BOSTON TRANSPORTATION INC.,** in the within action, and is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in the offices of said law firm.

Affirmant has read the foregoing **ANSWER TO VERIFIED COMPLAINT**, knows the contents thereof, and the same are true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

The grounds of affirmant's belief as to all matters not stated to be affirmant's knowledge are investigative and other information contained in the file of the said law firm.

Dated: White Plains, New York
       May 27, 2008

_____
JOHN A. HSU

6

1990843.1

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

      Dina Zanzano, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

      That on the 27th day of May, 2008, deponent served the within document(s) entitled Verified Answer upon:

      Grogan & Souto, PC
      Court Plaza, PO Box 330
      Goshen, New York 10924

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

      _____
      Dina Zanzano

Sworn to before me this
27th day of May, 2008

_____
Notary Public

LINDA A. FERNANDEZ
Notary Public, State of New York
No. 01FE4954636
Qualified in Westchester County
Commission Expires August 14, 2009

2000963.1